STATE OF NORTH CAROLINA v. ROBERT RAY GREENE

No. 8310SC46

(Filed 18 October 1983)

**Larceny § 7.2— misdemeanor larceny—insufficient evidence**

The evidence was insufficient in a prosecution for misdemeanor larceny for the case to have been submitted to the jury where employees from two different stores failed to testify that they saw defendant take anything from either store, and where neither employee testified that anything was missing from either store after the defendant had been in the stores.

Judge HILL dissenting.

APPEAL by defendant from *Hobgood (Robert H.), Judge.* Judgment entered 26 August 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 27 September 1983.

The defendant was charged in two separate warrants with misdemeanor larceny. He was convicted on both charges in the District Court and appealed to the Superior Court. The two cases were consolidated for trial in Superior Court. The evidence showed that on the night of 19 April 1982 the defendant was observed by Ms. Blanche Steinbeck, a night cashier in Eckerd's store in Holly Park. The defendant was at the magazine rack with his hand reaching toward a shelf where radios and other items were kept. She saw the defend-

ant go into an area of the store where cosmetics were kept. Ms. Steinbeck called the police when she saw the defendant go into the cosmetics area of the store. The defendant left the store shortly thereafter. The defendant was pulling at his shirt when he left the store.

James McConnell, the night manager of the A&P store, testified that earlier on the same night he saw the defendant at the meat counter of the A&P store. The defendant was handling meat but left the store before Mr. McConnell could call the police. The defendant's shirttail was "hanging outside his slacks and was bulged." The defendant did not pass through the checkout register as he left the store. Mr. McConnell saw him enter a brown or tan automobile.

A police officer saw the defendant enter an automobile after leaving Eckerd's store. He stopped the automobile. He found in the automobile three packages of meat which had A&P labels. The defendant had on his person cosmetics, jewelry, necklaces, cologne, hair care products, other cosmetics, and a radio, all of which were identified as coming from the Eckerd's store. Mr. McConnell identified the meat as having come from the A&P store.

The jury found the defendant guilty on both charges and he appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Assistant Attorney General Fred R. Gamin, for the State.*

*Appellate Defender Adam Stein and Assistant Appellate Defender Lorinzo L. Joyner, for defendant appellant.*

WEBB, Judge.

The defendant assigns error to the overruling of his motion to dismiss both charges. We believe this assignment of error has merit. We do not believe that in either case there was sufficient evidence that personal property was stolen for the cases to be submitted to the jury. Neither Ms. Steinbeck nor Mr. McConnell testified that she or he saw the defendant take anything from either store. Neither testified that anything was missing from either store after the defendant had been in them.

We do not believe the doctrine of possession of recently stolen goods has any application. *See State v. Voncannon,* 302 N.C. 619, 276 S.E. 2d 370 (1981). There was not sufficient evidence that the goods in the defendant's possession were stolen for the doctrine to apply. The fact that they came from Eckerd's and the A&P store and the defendant had not purchased them is not sufficient evidence for the jury to find they had been stolen.

We hold it was error not to grant the defendant's motion to dismiss the charges in both cases.

Reversed.

Judge HEDRICK concurs.

Judge HILL dissenting.

I dissent. In my opinion the evidence involves more than the question of recent possession. There is present evidence from which the jury could infer the defendant had stolen the merchandise. The trial judge properly submitted the case to the jury. I vote no error.